

FILED

Feb 26 2015, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

C. Gregory Fifer
Applegate Fifer Pulliam, LLC
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES

S. Anthony Long
Long & Mathies Law Firm
Boonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas L. Arflack,

*Appellant-Plaintiff,*

v.

Town of Chandler, Indiana;
Chandler Town Council; and
Town of Chandler Advisory
Plan Commission,

*Appellees-Defendants.*

February 26, 2015

Court of Appeals Cause No.
87A01-1406-PL-273

Appeal from the Warrick Circuit Court.

The Honorable David O. Kelley,
Judge.

Cause No. 87C01-1404-PL-472

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Thomas L. Arflack (Arflack), appeals the trial court's grant of Appellees-Defendants', Town of Chandler, Chandler Town Council, and Town of Chandler Advisory Plan Commission (collectively, Chandler), motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6).

We reverse and remand for further proceedings.

## ISSUES

Arflack raises two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court erred in dismissing Arflack's complaint for failing to state a claim pursuant to Indiana Trial Rule 12(B)(6).

In its brief, Chandler raises one issue, which we restate as: Whether the trial court's order to dismiss was a final, appealable judgment.

## FACTS AND PROCEDURAL HISTORY

On January 7, 2013, Arflack was appointed by the Chandler Town Council (Town Council) to fill a vacant position as a citizen member of the Town of Chandler Advisory Plan Commission (Advisory Plan Commission) with an unexpired term ending on December 31, 2013. Arflack subsequently served the unexpired term for which he was appointed.

During its regular meeting of January 6, 2014, the Town Council voted on a motion to reappoint Arflack to a new four-year term. The motion was approved by a vote of four members in favor and one member against. At the next regular meeting of the

Advisory Plan Commission on January 12, 2014, Arflack was elected president by majority vote. Thereafter, on January 21, 2014, the Town Council unanimously recalled its vote approving Arflack to the Advisory Plan Commission. On March 17, 2014, the Town Council appointed Thomas Woolen as Arflack's replacement.

[7] On April 4, 2014, Arflack filed a verified complaint for declaratory and injunctive relief, asserting due process violations because the Town Council had failed to provide him with notice and seeking a declaration that the removal was invalid pursuant to Indiana Code section 34-14-1-2. Arflack further requested a permanent injunction directing that his appointment be recognized until the expiration of the current term. On April 23, 2014, Chandler filed a motion to dismiss Arflack's complaint for failure to state a claim upon which relief can be granted in accordance with Indiana Trial Rule 12(B)(6). On May 13, 2014, the trial court held a hearing on Chandler's motion and fifteen days later entered its order, summarily granting Chandler's motion to dismiss and awarding Arflack "thirty days to file an amended complaint." (Appellant's App. p. 4).

[8] Arflack now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Jurisdiction*

[9] Because Chandler presents us with a threshold procedural question, we will address its jurisdictional issue prior to proceeding to the merits of the appeal. Specifically, Chandler contends that we did not acquire jurisdiction over this appeal because the trial court's grant of its motion to dismiss was not a final judgment. Because the trial

court allowed Arflack thirty days to cure the defects of his verified complaint, Chandler maintains that the order does not fall within the purview of Indiana Appellate Rule 5.

[10] After the hearing on Chandler's motion to dismiss for failure to state a claim upon which relief can be granted in accordance with Ind. T.R. 12(B)(6), the trial court issued an order granting the motion to dismiss and awarding Arflack thirty days to cure the defects in his complaint. The clerk's entry on the trial court's docket merely reflects "[c]ourt enters Order on [Chandler's] [m]otion to [d]imiss. (Granted). [Arflack] is give [sic] thirty days to file Amended Complaint." (Appellant's App. p. 3).

[11] A trial court's entry sustaining a motion to dismiss without actually entering judgment thereon is insufficient to constitute a final judgment. *Constantine v. City-County Council of Marion Cnty.*, 369 N.E.2d 636, 367 (Ind. 1977). The appropriate procedure for adjudging a motion to dismiss pursuant to the Indiana Trial Rules is discussed by this court in *Parrett v. Lebamoff*, 383 N.E.2d 1107, 1109 (Ind. Ct. App. 1979), where we stated:

> In salient part [T.R. 12(B)(6)] provides,
>
>> When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten (10) days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.
>
> Clearly this language does not contemplate the immediate entry of judgment upon the sustaining of such a motion. Rather it prescribes a procedure similar to the old practice on demurrers.

In other words, the court should grant the motion, await the expiration of the ten-day period or the awarded discretionary time period—in this case, thirty days—and then adjudge the dismissal for the failure of the party to plead over. *See id.* In the alternative, the party against whom the motion is granted may advise the court of his election not to plead over and thus authorize entry of judgment. *Id.* Here, Arflack filed his notice of appeal prior to the expiration of the thirty days and final adjudication and without apprising the trial court of his decision not to plead over.

However, it is equally clear that the only party harmed by the entry of judgment immediately upon the sustaining a T.R. 12(B)(6) motion is the party against whom the motion was directed. *Id.* If he in fact does not wish to plead over—as clearly appears to be the case here—then no harm has occurred from the error. *See id.*

In addition, we are mindful that Indiana Appellate Rule 66(B) provides that appeals should not be dismissed as a matter of right merely because the case was not finally disposed of in the court below. We may dismiss such an appeal, or in our discretion, we may suspend consideration until the necessary final disposition is made by the trial court, or we may decide the issues which have been adjudicated so long as they are properly severable. *See* Ind. Appellate Rule 66(B).

In this case, we could remand to the trial court with instructions to afford Arflack the opportunity to amend and then enter an appropriate judgment. Under the issues the parties seek to litigate and after being presented with fully briefed arguments, it appears that a remand would merely provide delay for the amount of time necessary to secure a procedurally correct entry. We hold that delay to be unnecessary, and

that Arflack has waived the error arising from his failure to await the entry of the judgment of dismissal. Therefore, we deny Chandler's request to dismiss this appeal for lack of jurisdiction, and we will address the merits of Arflack's appeal.

## II. *Motion to Dismiss*

[16] Arflack contends that the trial court erred in dismissing his complaint against Chandler pursuant to T.R. 12(B)(6). The standard of review on appeal from a trial court's grant of a motion to dismiss for the failure to state a claim is *de novo* and requires no deference to the trial court's decision. *Bellows v. Bd. of Comm'rs of Cnty of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). The grant or denial of a motion to dismiss turns on the legal sufficiency of the claim and does not require determinations of fact. *Id*. Therefore, a motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id*. Thus, while we do not test the sufficiency of the facts alleged with regard to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Id*. In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Lawson v. First Union Mortg. Co.*, 786 N.E.2d 279, 281 (Ind. Ct. App. 2003).

[17] Thus, a court should accept as true the facts alleged in the complaint and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the non-moving party. *Trail v. Boys & Girls*

*Club of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006). However, a court need not accept as true allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. *Id*.

[18] Here, the trial court dismissed Arflack's claim without a detailed written opinion as to its reasons for dismissal. When a court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed on review that the court granted the motion to dismiss on all the grounds in the motion. *Id*.

[19] In its motion to dismiss pursuant to T.R. 12(B)(6), Chandler asserted three alternative grounds: (1) Arflack failed to follow the provisions of Ind. Code § 34-13-6-1 *et seq.*; (2) Arflack failed to allege that he suffered an injury as a result of the conduct complained of; and (3) the records attached to Arflack's complaint were not certified or signed. We will review *de novo* each allegation in turn.

A. *Indiana Code section 34-13-6-1 et seq.*

[20] First, Chandler maintains that Arflack failed to timely file his complaint in accordance with I.C. § 34-13-6-1, which governs the appeals from actions of municipalities. Specifically, I.C. § 34-13-6-1 provides that

> (a) An appeal allowed by statute from any action or decision of:
> * * *
> (3) the legislative body of a town;
> Shall be filed as an original complaint against the city or town in the circuit or superior court of the county in which the municipality is located.
> (b) The complaint on appeal must be filed no later than thirty (30) days after the date of the action or decision complained of.

Because Arflack's appointment to the Advisory Plan Commission was revoked by the Town Council on January 21, 2014, Chandler asserts that Arflack's verified complaint, filed on April 4, 2014, was filed outside the statutory period of thirty days.

[21] In his verified complaint, Arflack contends

> 10. Following Arflack's reappointment to the [Advisory Plan Commission], the Town Council, as the appointing authority for Arflack's position on the [Advisory Plan Commission], could only remove Arflack as a member of the [Advisory Plan Commission] for cause by providing written notice of the removal along with written reasons for the removal mailed to Arflack at his residence address in accordance with the provisions of Ind. Code § 36-7-4-218(f).
>
> 11. The Town Council has never provided Arflack with any written notice of his removal from the [Advisory Plan Commission] or the reasons constituting any claimed cause for such removal.

(Appellant's App. p. 7).

[22] Pursuant to the statute relied upon by Arflack, the Town Council could only remove Arflack for cause after having re-appointed him by providing him with written notice thereof. *See* I.C. § 36-7-4-128(f). Even though the Town Council approved to rescind his re-appointment on January 21, 2004, Arflack never received a written notice. On March 17, 2014, the Town Council appointed Arflack's replacement to the Advisory Plan Commission, and on April 4, Arflack filed his verified complaint.

[23] Although we agree that Arflack's action was subject to the thirty-day limitation period as enacted in I.C. § 34-13-6-1(b), "[a] civil action is premature when it has not accrued so that the plaintiff can legally institute an action for relief." *ITT Hartford*

*Ins. Group v. Trowbridge*, 626 N.E.2d 567, 569 (Ind. Ct. App. 1993), *reh'g denied*. A cause of action accrues, and the statute of limitation begins to run, when a claimant knows, or in the exercise of ordinary diligence should have known, of the injury. *Planz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008). For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Id.* The exercise of reasonable diligence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. *Perryman v. Motorist Mut. Inc. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006).

[24] Arflack's complaint disputes the manner in which the Town Council quashed his appointment and installed his successor. Even though the Town Council revoked Arflack's appointment on January 21, 2014, no cause of action accrued at that time because the Town Council failed to notify him in writing of that decision and Arflack statutorily continued to "serve[] until his successor [was] appointed and qualified." I.C. § 36-7-4-218(a). Therefore, it was not until March 17, 2014, when the Town Council appointed Arflack's successor and the damage became ascertainable, that the statute of limitations commenced to run. As Arflack filed his verified complaint on April 4, 2014, well within the thirty-day period, his cause of action is not time-barred.

## B. *Injury*

Next, Chandler contends that Arflack's verified complaint for declaratory and injunctive relief "does not allege that he sustained or was in imminent danger of sustaining any injury as a result of the conduct complained of, and he is therefore not entitled to declaratory relief." (Appellee's Br. p. 13).

Indiana Code section 34-14-1-2 provides that "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." The purpose of the statute is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." I.C. § 34-14-1-12.

In relying on the Uniform Declaratory Judgments Act, Arflack alleged in his complaint that "[t]he Town Council's action in purporting to remove Arflack from his appointed position on the [Advisory Plan Commission] without notice has operated to deprive Arflack of his due process right to appeal the removal through judicial review[.]" (Appellant's App. p. 7). In other words, by removing Arflack from his appointed position in a purported violation of the notice requirement of I.C. § 36-7-4-128(f), Arflack's due process rights were violated, and he is now seeking a declaration as to the validity of his removal. Linked to Arflack's requested judicial declaration is his uncontested request for a permanent injunction, directing Chandler

to recognize him as the properly appointed member of the Advisory Plan Commission and to institute him for the remainder of his term.

[28] Unlike Chandler, we find that Arflack's complaint sufficiently asserted a factual scenario in which a legally actionable injury has occurred. *Id*.

### C. *Uncertified Attachments*

[29] Lastly, while Chandler sought the dismissal of Arflack's cause before the trial court based on the unsigned, uncertified copies of the Town Council's meeting minutes attached to the verified complaint, Chandler now concedes on appeal that "the trial court's dismissal [] was not based solely upon Arflack's failure to attach signed, certified copies[.]" (Appellees Br. p. 16).

[30] While we agree with Chandler's concession to a certain extent, we hold that a trial court cannot dismiss a party's complaint based *solely* on the party's failure to file a properly certified attachment with its pleading. Indiana Trial Rule 9.2(A) provides that when a pleading, allowed by the rules, is founded on a written instrument, the original, or a copy thereof, must be included or filed with the pleading. These documents, if not objected to under oath in a responsive pleading, are "deemed admitted into evidence" pursuant to T.R. 9(B). However, it is undeniable that Chandler objected to the admission of the unsigned and uncertified attachments.

[31] Without having to address Arflack's assertion that his complaint is not based on a written instrument, the effect of noncompliance with T.R. 9.2(A) is governed by T.R. 9.2(F), in which the correction of an essential written document may be subject to a trial court order to amend the complaint and rectify the attachments or the trial

court, in its discretion, may allow the action to continue without further pleading. As such, Arflack's "failure to comply with the pleading requirements of T.R. 9.2(A) does not warrant dismissal of the complaint." *Wilson v. Palmer*, 452 N.E.2d 426, 429 (Ind. Ct. App. 1983).

[32] We are mindful that we view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Hill v. Beghin*, 644 N.E.2d 893, 895 (Ind. Ct. App. 1994), *trans. denied*. Based on our review, we conclude that Arflack's complaint sufficiently states a set of allegations upon which a trial court may grant relief. *Runde v. Vigus Realty, Inc.*, 617 N.E.2d 572, 575 (Ind. Ct. App. 1993). Therefore, we reverse the trial court's grant of Chandler's motion to dismiss and remand this cause to the trial court for proceedings on the merits.[1]

## CONCLUSION

[33] Based on the foregoing, we conclude that the trial court's order to dismiss was a final, appealable order and the trial court erred by granting Chandler's motion to dismiss based on a failure to state a claim.

[34] Reversed and remanded for further proceedings.

[35] Baker J. concurs

---

[1] Even though Arflack fully briefed its cause on the merits, at this point in time, only the trial court's grant of Chandler's motion to dismiss is properly before this court and subject to our review.

[36]    Vaidik, C.J. concurs in result with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Arflack,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Town of Chandler, Indiana,<br>Chandler Town Council, and Town<br>of Chandler Advisory Plan<br>Commission,<br>*Appellees-Defendants* | [Add Hand-down date]<br>Court of Appeals Case No.<br>87A01-1406-PL-273<br>Appeal from the Warrick Circuit Court<br>The Honorable David O. Kelley, Judge<br>Trial Court Cause No. 87C01-1404-PL-472 |

**Vaidik, Chief Judge, concurring in result.**

The majority concludes that the trial court's dismissal order was a final, appealable order and the court erred by granting Chandler's motion to dismiss based on a failure to state a claim. I agree with this result; however, I write separately because I believe the majority improperly resolves the ultimate issue of whether Arflack could only be removed for cause and was entitled to written notice of his removal from the Town Council.

A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint, not the facts that support it. *See Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. 2007) (citation omitted). A court should accept as true the facts alleged in the complaint, and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the non-moving

party. *Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.2d 1, 4 (Ind. 2014) (citation omitted).

The parties dispute whether Arflack's complaint, filed on April 4, 2014, is time-barred. The Town Council argues that the thirty-day window for filing began on January 21, 2014, when Arflack's appointment was rescinded by Town Council vote, and Arflack's complaint, filed seventy-three days later, was thus untimely. Arflack argues that the thirty-day window began on March 14, 2014, when his Town Council successor was appointed, and his complaint, filed twenty-one days later, is therefore timely. Arflack's claim hinges on his argument that the Town Council could only remove him for cause and with written notice, which it did not provide, and in the absence of written notice, he did not learn of his cause of action until March 14, 2014. At this stage, we should accept Arflack's assertions as true. We should not, however, decide the ultimate issue.

The majority notes that "no cause of action accrued [as of January 21, 2014] because the Town Council failed to notify [Arflack] in writing of [its] decision . . . ." Slip op. at 9. To me, this suggests that the majority has gone beyond testing the legal sufficiency of Arflack's complaint and resolved (in his favor) Arflack's claim that he could only be removed for cause and was entitled to written notice from the Town Council. I would not go so far: accepting Arflack's assertions as true, I would simply reject the Town Council's claim that Arflack's complaint is untimely and leave the determination regarding for-cause removal for the trial court. To that end, I respectfully concur in result.