## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2016, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Steven L. Whitehead
Princeton, Indiana

J. Robert Kinkle
Hall, Partenheimer & Kinkle
Princeton, Indiana

ATTORNEYS FOR APPELLEES

Margaret M. Christensen
Karl L. Mulvaney
Bingham Greenbaum Doll LLP
Indianapolis, Indiana

Donald J. Fuchs
Bingham Greenbaum Doll LLP
Evansville, Indiana

Val J. Fleig
Petersburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen W. Marvel and
Debria Marvel,

*Appellants-Plaintiffs,*

v.

Jason Althoff, Erin Althoff and
Gene O. Dorsey,

*Appellees-Defendants*

May 6, 2016

Court of Appeals Case No.
63A05-1512-PL-2167

Appeal from the Pike Circuit Court

The Honorable Jeffrey L.
Biesterveld, Judge

Trial Court Cause No.
63C01-1504-PL-83

**Mathias, Judge.**

Stephen and Debria Marvel filed a complaint in Pike Circuit Court seeking an order to compel the partition of certain real estate. Two of the named defendants filed a motion to dismiss, which the trial court granted. The Marvels appeal and argue that the trial court erred in dismissing their complaint because they have a right to have the tenancy partitioned.

We affirm.

## Facts and Procedural History

The parties in this case are Stephen and Debria Marvel ("the Marvels"), Erin and Jason Althoff ("the Althoffs"), and Gene O. Dorsey ("Dorsey"). Erin is the Marvels; daughter and, at the time relevant to this appeal, was married to Jason.[1]

Dorsey held a fee simple title to a 255.63-acre farm ("the Farm") in Pike County, Indiana. Included on this real estate was a house and a garage. On February 23, 2007, Dorsey entered into a Contract for Conditional Sale of Real Estate ("the Contract") with the Marvels and the Althoffs (collectively "the Buyers") to sell the Farm for a purchase price of $561,000. Pursuant to the Contract, the Buyers paid $100,000 of the purchase price at the time of execution, and the remaining $461,000 was to be paid in annual installments of $30,733.33, plus interest, on March 1 of each year until March 1, 2017. On this

---

[1] Jason and Erin filed for divorce in January 2015, and their dissolution action was pending at the time of the present case.

date, the Contract gives Dorsey the right to demand the unpaid balance and interest. The Contract provides that the Buyers have the right to prepay the purchase price without penalty and that the Buyers are responsible for all property taxes and insurance on the Farm.

[5] The Contract also provides that Dorsey retains a life estate in the residence and the garage and that the Buyers will not receive legal title to the Farm until full payment of of the purchase price. Dorsey is responsible for normal maintenance of the house and garage not to exceed $250 per occurrence, but the Buyers are responsible for all maintenance costs in excess of $250. The Contract further states that the Buyers may not alter or remove any improvements on the Farm, or make any additional improvements, without Dorsey's prior written consent. The Contract also states that the Buyers may not sell or assign their interest in the Contract or the property without Dorsey's prior written consent, nor may the Buyers lease or permit others to occupy the farm without Dorsey's consent. The Contract gives the Buyers the right to immediate possession of the Farm, save the house and garage, as of February 24, 2007.[2]

[6] On April 4, 2014, the Marvels filed a complaint for partition of real estate. The complaint sought "an order compelling partition of the [Farm], subject to the

---

[2] On April 28, 2008, after the execution of the Contract, Dorsey conveyed his interest in the farm and the agreement to the Gene O. Dorsey Trust. Because this does not affect our analysis, we refer to the trust and Dorsey as "Dorsey."

life estate of Gene O. Dorsey as to the residence and garage[.]" Appellant's App. p. 25. The complaint named as defendants the Althoffs and Dorsey.

[7] Jason Althoff and Dorsey filed a joint motion to dismiss the Marvels' complaint on June 1, 2015, claiming that the Marvels did not have standing to seek partition of the farm because they did not share a common interest in the farm with Dorsey. The joint motion to dismiss also argued that partitioning the farm would deprive Dorsey of his rights under the Contract.[3] After various responsive filings, the trial court held a hearing on the matter on August 11, 2015. After considering the parties' proposed findings and conclusions, the trial court entered its own findings and conclusions dismissing the Marvel's complaint on September 25, 2015. The Marvels then filed a motion to correct error on October 26, 2015. The trial court denied this motion on November 23, 2015, and the Marvels now appeal.

## Standard of Review

[8] The standard of review on appeal from a trial court's grant of a motion to dismiss for failure to state a claim is *de novo* and therefore requires no deference to the trial court's decision. *Arflack v. Town of Chandler*, 27 N.E.3d 297, 302 (Ind. Ct. App. 2015). The grant or denial of a motion to dismiss turns on the legal sufficiency of the claim and does not require determinations of fact. *Id*. In

---

[3] After the Marvels responded, Jason Althoff filed an additional motion to dismiss, noting that the Marvels had failed to name the real party in interest in their complaint, i.e. the Gene O. Dorsey Trust. The Marvels later amended their complaint to address this deficiency.

determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

[9] To the extent that a trial court, in ruling on a motion to dismiss for failure to state a claim, considers matters outside of the pleadings, the motion should be treated as one for summary judgment. *See Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001) (citing Ind. Trial Rule 12(B)). Here, the facts are undisputed, and regardless of whether we view the trial court's ruling as one granting a motion to dismiss or granting summary judgment, the matter before us is a pure issue of law which we review *de novo*. *See Swanskin v. Town of Ogden Dunes*, 949 N.E.2d 825, 828 (Ind. 2011) (noting that issues of law are reviewed *de novo*).

## Discussion and Decision

[10] The Marvels claim that the trial court erred in concluding that they could not bring a partition action. The Marvels argue that they and the Althoffs are tenants in common and that they therefore have standing to bring an action to partition their interests as tenants in common. The Marvels refer to Indiana Code sections 32-17-4-1 and -2. These statutes provide:

> (a) The following persons may compel partition of land held in joint tenancy or tenancy in common as provided under this chapter:
>
> *(1) A person that holds an interest in the land as a joint tenant or tenant-in-common either:*
>
> *(A) in the person's own right; or*
>
> (B) as executor or trustee.

> (2) If the sale of the estate of a decedent who held an interest in the land as a joint tenant or tenant in common is necessary, the decedent's administrator or executor.
>
> (b) A trustee, an administrator, or an executor may be made a defendant in an action for the partition of real estate to answer as to any interest the trustee, administrator, or executor has in the real estate.

Ind. Code § 32-17-4-1 (emphasis added).

> (a) *A person described in section 1(a) of this chapter may file a petition to compel partition in the circuit court or court having probate jurisdiction of the county in which the land or any part of the land is located.*
>
> (b) A petition filed under subsection (a) must contain the following:
>
> > (1) A description of the premises.
> >
> > (2) The rights and titles in the land of the parties interested.
>
> (c) At the time a person files a petition under subsection (a), the person shall cause a title search to be made regarding the land that is the subject of the partition. The person shall file a copy of the results of the title search with the court.

Ind. Code § 32-17-4-2 (emphasis added).

[11] The Marvels read these statutes to mean that they may petition the trial court to partition the farm because they and the Althoffs are tenants in common. However, this matter is not quite that simple.

[12] First, the Marvels and the Althoffs do not yet have legal title to the farm. Indeed, they admit that, as purchasers of real estate on contract, they have only equitable title to the farm. *See Area Plan Comm'n, Evansville-Vanderburgh Cnty. v.*

*Hatfield*, 820 N.E.2d 696, 699 (Ind. Ct. App. 2005) (noting that once a contract for the sale of land is executed, equitable title vests with the buyer), *trans. denied*; *UFG, LLC v. Sw. Corp.*, 784 N.E.2d 536, 541 (Ind. Ct. App. 2003) (noting that under a typical land contract, the seller retains legal title until the total contract price is paid by the buyer but that equitable title vests in the buyer at the time the contract is consummated), *trans. denied.*

[13] We recognize that it has long been held in this state that a party seeking partition must have the right to possession of the land and hold either legal *or equitable* title. *Hurwich v. Zoss*, 170 Ind. App. 542, 544, 353 N.E.2d 549, 550-51 (1976); *Helvey v. O'Neill*, 153 Ind. App. 635, 641, 288 N.E.2d 553, 557 (1972); *McClure v. Raber*, 106 Ind. App. 359, 19 N.E.2d 891, 894 (1939); *Schissel v. Dickson*, 129 Ind. 139, 28 N.E. 540, 543 (1891). Thus, the fact that the Marvels and Althoffs possess only an equitable title does not by itself disqualify the Marvels from seeking partition.

[14] However, given Dorsey's contractual right to regain the right to possession of the Farm in the case of default on the part of the Buyers, it would be odd to allow the Marvels to partition real estate to which they do not yet even hold legal title. Indeed, partition often leads to a sale of the property, yet the Marvels do not yet hold legal title to the Farm. Thus, their position would allow them to force the sale of land for which they do not hold legal title.

[15] More important, however, is the fact that the Marvels and Althoffs do not enjoy the right to possess the entire farm because Dorsey, in addition to holding legal

title to the farm, still holds a life estate in the house and garage on the farm. Accordingly, the Marvels and Althoffs are the remaindermen of the house and garage. *See Piel v. Dewitt*, 170 Ind. App. 63, 70, 351 N.E.2d 48, 53 (1976) (noting that the death of the life tenant is the customary means for ending a life estate and conferring possessory rights upon the remainderman). It has long been the case in Indiana that "partition can not be adjudged between remainder-men during the existence of a life-estate." *Shaw v. Beers*, 84 Ind. 528, 529 (1882) (citing *Coon v. Bean*, 69 Ind. 474, 476 (1880); *Schori v. Stephens*, 62 Ind. 441, 448 (1878)).

[16] What the Marvels wish to do is to partition the interests of the tenants in common of the equitable title to the farm but leave Dorsey's life estate unchanged. As noted, the Marvels and Althoffs hold not only the equitable title to the farm as tenants in common, they are also the remaindermen of the life estate reserved by Dorsey. To allow the Marvels to partition the Farm would be to permit them to partition land for which they do not yet have a possessory right, the house and garage. The Marvels refer us to no authority that would permit them to "partially" partition the farm, i.e., partition the parts in which they have a possessory interest, yet leave the house and garage untouched by the partition. For this reason alone, we believe the trial court's judgment was proper.

[17] Moreover, as noted by the trial court, the Contract itself provides that the Marvels and Althoffs (as the buyers) may not "sell or assign this Contract, Buyer's interest therein *or Buyer's interest in the Real Estate, without the prior written*

*consent of Seller.*" Appellant's App. p. 159 (emphasis added). Partitioning the farm would be contrary to this provision. Indeed, the partition statutes contemplate that the real property to be partitioned may ultimately have to be sold at a judicial auction if the parties are unable to agree. *See* Ind. Code § 32-17-4-2.5(d), (g) (providing that, if the parties are unable to agree in mandatory mediation as to the method of sale, the court shall order an agreed-to auctioneer or the sheriff to sell the land). To permit the sale of the farm without Dorsey's consent would be in direct violation of the terms of the Contract.

## Conclusion

[18] The trial court did not err in concluding that the Marvels do not have the right to force partition of the Farm because Dorsey possesses not only the legal title to the Farm, but also a possessory right of a life estate in the house and garage located on the Farm. Moreover, to partition the Farm would be contrary to the provisions of the Contract entered into between the Marvels and the Althoffs as Buyers and Dorsey as the seller. Accordingly, we affirm the judgment of the trial court.

[19] Affirmed.

Vaidik, C.J., and Barnes, J., concur.