## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2017, 9:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam Lenkowsky
Roberts & Bishop
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Adam L. Saper
Hinshaw & Culbertson, LLP
Chicago, Illinois

Jennifer L. Fisher
Hinshaw & Culbertson, LLP
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Roberts and Mary Roberts,

*Appellants-Third Party Plaintiffs/Cross Claim Plaintiffs,*

v.

The Bank of New York Mellon Trust Company, N.A. d/b/a Bank of New York Trust Company, N.A. and RWLS III, LLC,

*Appellees-Third Party Defendants/Cross Claim Defendants.*

December 21, 2017

Court of Appeals Case No. 49A02-1706-OV-1377

Appeal from the Marion Superior Court

The Honorable David Dreyer, Judge

Trial Court Cause No. 49D10-1509-OV-29563

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellants-Third Party Plaintiffs/Cross Claim Plaintiffs, Kenneth T. and Mary Roberts (collectively, Roberts), appeal the trial court's dismissal of their second amended Complaint against Appellees-Third Party Defendants/Cross Claim Defendants, The Bank of New York Mellon Trust Company, N.A., d/b/a Bank of New York Trust Company, N.A. (Bank of NY), and RWLS III, LLC (RWLS), pursuant to Indiana Trial Rule 12(B)(6).

We affirm.

# ISSUE

Roberts presents this court with three issues on appeal, one of which we find dispositive and which we restate as: Whether the trial court properly dismissed Roberts' Complaint for breach of contract for failure to state a claim upon which relief can be granted in accordance with Indiana Trial Rule 12(B)(6).

# FACTS AND PROCEDURAL HISTORY

On April 19, 2000, Roberts purchased the real estate at 3715 N. Kenwood Avenue, in Indianapolis, Indiana, by executing a mortgage and a note. At some point thereafter, the Bank of NY acquired the mortgage. On February 22,

2008, the Bank of NY initiated foreclosure proceedings against Roberts.[1]  On

April 24, 2009, a decree of foreclosure was entered, which Roberts appealed.

On appeal, the parties settled and agreed that the Bank of NY would receive an

*in rem* decree of foreclosure, thereby eliminating the possibility of any deficiency

judgment against Roberts.  The decree, as approved by the trial court upon

remand, provided, in pertinent part:

> [Bank of NY] is hereby granted a Decree of Foreclosure:  (1)
> declaring its mortgage to be a first priority lien against [the
> property]. . .; (2) foreclosing the equity of redemption in
> connection with the mortgaged property of [Roberts], and all
> persons claiming from, under or through them, upon expiration
> of the redemption period; (3) ordering the Sheriff to sell the
> mortgaged property to satisfy the sums due and owing to [Bank
> of NY] pursuant to this judgment as soon as said sale can be had
> under the laws of the jurisdiction governing foreclosure sales of
> mortgaged property; (4) ordering the Sheriff or his/her
> representative to accept notice of cancellation from [Bank of NY]
> prior to the time of the scheduled sale without further order of
> court; (5) instructing the Sheriff to issue a proper deed or deeds to
> the purchaser(s) at said sale; (6) authorizing [Bank of NY] to bid
> for the mortgaged property or any part thereof with the
> indebtedness due to it pursuant to this judgment, said
> indebtedness to be credited to the bid of [Bank of NY]; (7)
> declaring the sale to be conducted without relief from valuation
> and appraisement laws; (8) ordering that the proceeds generated
> from said sale be distributed pursuant to Indiana Code Section

---

[1] In its Complaint, Roberts specifically incorporates the foreclosure proceedings "under Cause No. 49D11-0802-MF-008387.  The matter was later transferred to Civil Court 14 and assigned [it] Cause No. 49D14-0802-MF-008387."  (Appellant's App. Vol. II, p. 38).

32-30-10-14, first, to the costs of the Sheriff sale and any real estate taxes due and owing relating to the mortgaged property, second, to [Bank of NY] to satisfy the sums due and owning pursuant to this judgment, and if any proceeds remain, to the Clerk of this [c]ourt for the benefit of the parties and subject to further order of this [c]ourt.

(Appellant's App. Vol. II, pp. 96-97).

[5] Although the property was put up for the sheriff's sale, prior to the sale taking place, the Bank of NY removed the property from the sale list. On August 15, 2011, the Bank of NY assigned the mortgage and property to RWLS, a mortgage and financial services company. Subsequent to the in rem foreclosure decree and the cancelled sheriff's sale, various entities, including Health and Hospital Corporation and the City of Indianapolis, sought to assess fines and citations against Roberts related to the upkeep and demolition of the property.

[6] On December 9, 2016, Roberts filed a Second Amended Third Party Complaint and Cross Claim against Bank of NY and RWLS, claiming:

15. Third Party Interpleader: If [Roberts is] liable to the City of Indianapolis, the Health and Hospital Corporation, or any other entity assessing fines against the property, [the Bank of NY] is liable to [Roberts].

16. Cross Claim: By removing the property from the tax sale list, [the Bank of NY] breached its contract with [Roberts].

17.  Cross Claim:  By removing the property from the tax sale list, [the Bank of NY] was negligent.[2]

18.  All of this resulted in damages to [Roberts].

* * * *

WHEREFORE, [Roberts] pray[s] for relief:

E.  Declaratory Judgment holding [the Bank of NY] and/or [RWLS] liable for upkeep of the property.

(Appellant's App. Vol. II, pp. 45-46).

[7]  On February 24, 2017, the Bank of NY filed a motion to dismiss Roberts' Complaint for failing to state a claim upon which relief can be granted.  By Order of June 5, 2017, the trial court summarily ruled that "[the Bank of NY's] Motion to Dismiss [Roberts'] Second Amended Complaint is GRANTED pursuant to Ind. T.R. 12(B)(6)."  (Appellant's App., Vol. II, p. 22).

[8]  Roberts now appeals.  Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I.  *Standard of Review*

---

[2] On appeal, Roberts no longer asserts that the Bank of NY was negligent.

[9] The standard of review on appeal from a trial court's grant of a motion to dismiss for the failure to state a claim is *de novo* and requires no deference to the trial court's decision. *Arflack v. Town of Chandler*, 27 N.E.3d 297, 302 (Ind. Ct. App. 2015). The grant or denial of a motion to dismiss turns on the legal sufficiency of the claim and does not require determinations of fact. *Id.* Therefore, a motion to dismiss under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* Thus, while we do not test the sufficiency of the facts alleged with regard to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Id.* In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

[10] Thus, a court should accept as true the facts alleged in the complaint and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the non-moving party. *Id.* However, a court need not accept as true allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. *Id.* (citing *Trail v. Boys & Girls Club of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006))

[11] Here, the trial court dismissed Roberts' claim without a detailed written opinion as to its reasons for dismissal. When a court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed on review that the court granted the motion to dismiss on all the grounds in the motion. *Trail v. Boys and Girls Clubs of Northwest Indiana*, 845 N.E.2d 130, 135 (Ind. 2006).

[12] We note that the parties in their memoranda to the trial court with respect to the motion to dismiss and again in their briefs on appeal refer to matters outside the Complaint. Normally, "when matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." T.R. 12(B). However, in its summary Order, the trial court explicitly stated: "[Bank of NY's] [m]otion to [d]ismiss [Roberts'] [s]econd [a]mended Complaint is GRANTED pursuant to T.R. 12(B)(6). (Appellant's App. Vol. II, p. 22). Accordingly, in the absence of a hearing and transcript, it appears the trial court was only guided by the Complaint and the documents incorporated by the Complaint. *See Arflack*, 27 N.E.3d at 302. We will review this appeal likewise.

## II. *Breach of Contract Claim*

[13] Roberts contends that the trial court erred in dismissing his claim for breach of contract. Focusing on the language in the agreed upon *in rem* decree of foreclosure which ordered "the Sheriff to sell the mortgaged property," Roberts

maintains that this provision conflicts with the Bank of NY's action of unilaterally cancelling the Sheriff's sale. (Appellant's App. Vol. II, p. 97).

[14] As the *in rem* decree of foreclosure was agreed upon by the parties and thus, in essence, represents a contract between them, we will interpret its provisions using the well-established principles of contract interpretation. Interpretation and construction of contract provisions are questions of law, which are reviewed *de novo* by this court. *B&R Oil Co., Inc. v. Stoler*, 77 N.E.3d 823, 827 (Ind. Ct. App. 2017), *trans. denied*. We review the contract as a whole, attempting to ascertain the parties' intent and making every attempt to construe the contract's language "so as not to render any words, phrases, or terms ineffective or meaningless." *Id*. In reading the terms of a contract together, we keep in mind that the more specific terms control over any inconsistent general statements. *Id*.

[15] While we agree with Roberts that the *in rem* decree of foreclose instructed the Bank of NY to "order[] the Sheriff to sell the mortgaged property to satisfy the sums due and owing to [the Bank of NY]," in the next provision, the *in rem* decree also provided that the Bank of NY could "order[] the Sheriff or his/her representative to accept notice of cancellation from [the Bank of NY] prior to the time of the scheduled sale without further order of court[.]" (Appellant's App. Vol. II, p. 97). Accordingly, the *in rem* decree not only mandated the Bank of NY to sell the property by Sheriff's sale, but it also allowed the Bank of

NY to withdraw the property from the sale. We do not find anything ambiguous or contradictory between these two provisions.

[16] In his Complaint, Roberts follows the language of the *in rem* decree of foreclosure and asserts that the property was put up for the sheriff's sale; however the Bank of NY later removed it from the sale. As the Bank of NY acted in accordance with the provisions of the *in rem* decree, and as the Complaint did not aver any facts or legal authority capable of supporting a breach of contract against the Bank of NY, we affirm the trial court's decision.[3]

### III. *Indemnity*

[17] Next, Roberts asserts that the trial court erred in dismissing his claim for indemnity. In a cursory, one-paragraph argument, Roberts alleges that "the [Bank of NY] did commit a wrongful act which is now subjecting the Roberts to liability from third party government entities." (Appellant's Br. p. 12). As we already determined that the Bank of NY did not breach the contract and in the absence of any other allegations of wrongful acts, we must conclude that the

---

[3] In his reply brief, Roberts advances a host of policy arguments as to why a breach of contract should be found, arguing that otherwise "[t]he incentives are out of whack." (Appellant's Reply Br. p. 5). However, an appellate review of a trial court's grant of a motion to dismiss is a quintessential review of the Complaint's content and its legal underpinnings. *See Arflack*, 27 N.E.3d at 302. As none of the averred policy arguments were included in the Complaint, we cannot take them into account during our appellate review.

trial court properly dismissed Roberts' indemnity claim pursuant to T.R. 12(B)(6).

### IV. *Declaratory Judgment*

Finally, Roberts maintains that he is "seeking a declaratory judgment that the [Bank of NY] is liable [for the] assessed fines, ordinance violations, etc. as a result of their breach of the contract with Roberts." (Appellant's Br. p. 12). As we established that the Bank of NY did not breach its contract with Roberts, the Complaint fails to set forth a set of circumstances under which Roberts would be entitled to a declaratory judgment. *See Arflack*, 27 N.E.3d at 302.

# CONCLUSION

Based on the foregoing, we affirm the trial court's dismissal of Roberts' Complaint for failure to state a claim upon which relief can be granted.

Affirmed[4].

---

[4] In its Order dismissing Roberts' Complaint, the trial court also ruled that Roberts' motion for summary judgment "is Moot." (Appellant's App. Vol. II, p. 22). In his appellate brief, Roberts now attempts to resurrect his summary judgment motion by arguing that "the granting of the [m]otion to [d]ismiss resulted in a final judgment against Roberts. [Roberts] could not go back to the [t]rial [c]ourt and obtain a different result on the [m]otion for [s]ummary [j]udgment." (Appellant's Reply Br. p. 7). However, it is established hornbook law that as a court of review, the appellate court will not decide an issue until it has been properly decided at the trial level. *See, e.g., State Farm Mutual Automobile Ins. Co. v. Glasgow*, 478 N.E.2d 918, 926 (Ind. Ct. App. 1985). Accordingly, as the trial court dismissed the cause before it could even reach the merits of Roberts' motion for summary judgment, we cannot decide the motion for summary judgment on appeal from the motion to dismiss.

Baker, J. concurs

Brown, J. concurs in result without separate opinion