

FILED

Dec 06 2018, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brad A. Council
Slovin & Associates Co., LPA
Cincinnati, Ohio

ATTORNEY FOR APPELLEE

Christopher J. McElwee
Monday McElwee Albright
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Collins Asset Group, LLC,

*Appellant-Plaintiff,*

v.

Alkhemer Alialy,

*Appellee-Defendant.*

December 6, 2018

Court of Appeals Case No.
18A-CC-1160

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

The Honorable Darren J. Murphy,
Magistrate

Trial Court Cause No.
29D01-1704-CC-3957

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Collins Asset Group, LLC (CAG), appeals the trial court's dismissal of its foreclosure action against Appellee-Defendant, Alkhemer Alialy (Alialy).

We affirm.

# ISSUE

CAG presents us with one issue on appeal, which we restate as: Whether the trial court erred when it granted Alialy's motion to dismiss, and concluded that CAG's action was barred by the six-year statute of limitation pursuant to Indiana Code section 34-11-2-9.

# FACTS AND PROCEDURAL HISTORY

On June 29, 2007, Alialy entered into a promissory note with GMAC Mortgage LLC (GMAC), whereby Alialy promised to pay GMAC the amount of $60,000, plus interest at the rate of 12% per annum, in monthly payments of $631.93 beginning on September 1, 2007, and continuing through August 1, 2032. At the same time Alialy entered into a promissory note, Alialy also entered into a mortgage with Mortgage Electronic Registration Systems, Inc. (MERS), as the nominee of GMAC. The mortgage was incorporated into the note as security for the loan. Pursuant to the terms of the mortgage, a junior lien was placed on the property of Alialy.

On June 9, 2008, Wells Fargo Bank, N.A. (Wells Fargo), as priority lien holder on the property, filed a foreclosure action on the mortgage against Alialy. On July 28, 2008, the Hancock Superior Court entered a default judgment against Alialy and a decree of foreclosure. Alialy made no further payments toward the GMAC note after July 28, 2008.

On June 17, 2016, Alialy was informed that the note had been transferred to CAG on December 31, 2014, and that he should begin making payments to CAG on the outstanding balance due on the loan starting September 1, 2016. Alialy did not make the payment, and on October 24, 2016, CAG sent its notice of acceleration to Alialy whereby it accelerated payments due from September 1, 2016, to the maturity date of the loan. On April 26, 2017, CAG filed its Complaint upon the note. On June 23, 2017, Alialy filed his motion to dismiss the Complaint, contending that CAG's claim was barred by the six-year statute of limitations, pursuant to Ind. Code § 34-11-2-9. On July 19, 2017, CAG filed its motion in opposition, claiming that the Complaint was not barred as the statute of limitations only began to run at the moment CAG accelerated the payment on the note. On April 16, 2018, after a hearing, the trial court summarily dismissed CAG's Complaint for failure to state a claim upon which relief can be granted.

CAG now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] CAG contends that the trial court erred in dismissing its Complaint against Alialy pursuant to T.R. 12(B)(6). The standard of review on appeal from a trial court's grant of a motion to dismiss for failure to state a claim is *de novo* and requires no deference to the trial court's decision. *Arflack v. Town of Chandler*, 27 N.E.3d 297, 302 (Ind. Ct. App. 2015). The grant or denial of a motion to dismiss turns on the legal sufficiency of the claim and does not require determinations of fact. *Id*. Therefore, a motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id*. Thus, while we do not test the sufficiency of the facts alleged with regard to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Id*. In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id*.

[9] Here, the trial court dismissed CAG's Complaint without a detailed written opinion as to its reasons for dismissal. When a court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed on review that the court granted the motion to dismiss on all the grounds in the motion. *Id*. However, the proceedings during the hearing on the motion to dismiss clarify that the trial court not only relied on the allegations of the Complaint but also

considered the parties' memoranda and an affidavit submitted by Alialy together with his motion. Accordingly,

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

T.R. 12(B). A trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced. *Doe v. Adams*, 53 N.E.3d 483, 492 (Ind. Ct. App. 2016), *trans. denied*. Because CAG filed its own motion in opposition in response to Alialy's motion to dismiss and Alialy's reliance on documents outside the pleading was "readily apparent and unmistakable," no reversible error occurred. *See id*. at 493. Accordingly, as Alialy's motion to dismiss must be treated as one for summary judgment, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Id*. at 494.

[10] Relying on I.C. § 34-11-2-9, Alialy maintains that CAG's cause of action accrued, and the statute of limitations began to run, on the date of the last payment, *i.e.*, July 28, 2008. Thus, Alialy asserts, CAG's Complaint, which was filed April 26, 2017, was not timely under the six-year statute of limitations

applicable to promissory notes. Indiana Code section 34-11-2-9 provides, in pertinent part, that "[a]n action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues."

[11] Statutes of limitation seek to provide security against stale claims, which in turn promotes judicial efficiency and advances the peace and welfare of society. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1279 (Ind. 2009). The determination of when a cause of action accrues is generally a question of law. *Imbody v. Fifth Third Bank*, 12 N.E.3d 943, 945 (Ind. Ct. App. 2014). Under Indiana's discovery rule, a cause of action accrues, and the limitation period begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury. *Cooper Indus., LLC*, 899 N.E.2d at 1280. As such, "an action to recover a debt must be commenced within six years of the last payment." *Holt v. LVNV Funding, LLC*, 147 F. Supp. 3d 756, 760 (S.D. Ind. 2015) (applying Indiana law and referencing I.C. § 34-11-29). Therefore, as Alialy ceased payment on the note on July 28, 2008, any cause of action filed after July 28, 2014 would be barred by the statute of limitations.

[12] However, where, as here, the installment contract contains an optional acceleration clause, by which the creditor may declare all installments of the loan due and payable after default, the statute of limitations to collect the debt does not begin to run immediately upon the debtor's default. *Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1160 (Ind. Ct. App. 2010). Instead, the

statute generally begins to run only when the creditor exercises the optional acceleration clause. *Id*. Nevertheless, the *Smither* court cautioned that, "Waiting until after the statute of limitations has passed following default before making demand for full and immediate payment of a debt is per se an unreasonable amount of time to invoke an optional acceleration clause and cannot be given effect." *Id*. at 1161-62. The court also noted, "'a party is not at liberty to stave off operation of the statute [of limitations] inordinately by failing to make demand.'" *Id*. at 1161 (quoting *Curry v. United States*, 679 F.Supp. 966, 970 (N.D. Cal. 1987)).

[13]   In the case at bar, CAG waited to accelerate the note until October 24, 2016, and did not filed its Complaint until April 26, 2017. Accordingly, CAG's acceleration option was exercised a full two years after CAG's cause of action was barred by the statute of limitation. As CAG's attempt to exercise the acceleration clause did not prevent the six-year statute of limitation from taking effect and expiring, CAG's acceleration clause cannot be given effect and its Complaint is barred.[1]

---

[1] In an effort to circumvent the application of I.C. § 34-11-2-9, CAG asserts that I.C. § 26-1-3.1-118 governs the case at bar. However, as CAG failed to raise this issue before the trial court, it waived the argument for our review. *See VanWinkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) (Failure to raise an issue before the trial court will result in waiver of that issue).

# CONCLUSION

Based on the foregoing, we hold that the trial court properly dismissed CAG's cause of action.

Affirmed.

Vaidik, C. J. and Kirsch, J. concur