# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 02 2019, 6:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Steven Walton
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE CARL JENNINGS**

Mark S. Alderfer
Charles J. Maiers
Due Doyle Fanning & Alderfer, LLP
Indianapolis, Indiana

**ATTORNEY FOR APPELLEE STATE FARM INSURANCE COMPANY**

Cary J. Solida
State Farm Litigation Counsel
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Walton and D. Walton, <br> *Appellants-Plaintiffs,* <br><br> v. <br><br> Derrick Powell, Carl Jennings, Dewalet Brown, and State Farm Insurance Company, <br><br> *Appellees-Defendants* | August 2, 2019 <br><br> Court of Appeals Case No. 19A-PL-566 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy W. Oakes, Judge <br><br> Trial Court Cause No. 49D02-1804-PL-16226 |

**Baker, Judge.**

[1] Steven Walton[1] appeals the trial court's dismissal of his complaint for failure to state a claim upon which relief can be granted, arguing that the trial court erred. Finding no error, we affirm.

[2] On April 3, 2018, Walton was involved in a multi-vehicle automobile accident in the middle of an intersection. Walton suffered both physical and emotional pain as a result of the incident. On April 27, 2018, Walton filed a complaint, listing Derrick Powell, Carl Jennings, Dewalet Brown, and State Farm Insurance Company (State Farm) as defendants. In the complaint, Walton claimed that "[t]he Defendant Jennings and Brown are negligent under Indiana State Law for not having Liability Insurance." Appellant's App. Vol. II p. 21. On October 24, 2018, State Farm filed a motion for summary judgment, to which Walton objected. Later, on January 18, 2019, Walton filed an amended complaint and jury demand with the same allegation. On January 30, 2019, Jennings filed a motion to dismiss Walton's amended complaint under Indiana Trial Rule 12(B)(6), arguing that Walton failed to state a claim upon which relief can be granted, to which Walton also objected.

---

[1] Though two appellants are listed in this appeal, only Steven Walton has filed a brief with this Court.

[3] Finally, on March 6, 2019, the trial court conducted a hearing on the various motions and thereafter granted State Farm's motion for summary judgment[2] and Jennings's motion to dismiss. Walton now appeals.

[4] We review a trial court's grant of a motion to dismiss for failure to state a claim de novo, giving no deference to the trial court's determination. *Bellows v. Bd. of Com'rs of Cty. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). A motion to dismiss under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of a complaint: "that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Arflack v. Town of Chandler*, 27 N.E.3d 297, 302 (Ind. Ct. App. 2015).

[5] Here, Walton has not alleged any set of circumstances under which he would be entitled to relief. Rather, Walton only claims that "[t]he Defendant Jennings and Brown are negligent under Indiana State Law for not having Liability Insurance." There is no law in Indiana requiring people to carry liability insurance. Furthermore, there is nothing else in Walton's complaint that even resembles a cognizable claim. As this is Walton's only argument on appeal, we hold that the trial court committed no error.

[6] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.

---

[2] Walton does not appeal the trial court's order granting summary judgment in favor of State Farm.