Susanne D. MINTON, Appellant–Plaintiff,

v.

James SACKETT, Appellee–Defendant.

No. 49A02–9511–CV–677.

Court of Appeals of Indiana.

Sept. 30, 1996.

Charles F. Cremer, Jr., John A. Cremer, Cremer & Miller, Indianapolis, for Appellant-Plaintiff.

Charles W. Symmes, Frank W. Hogan, Symmes Voyles Zahn Paul & Hogan, Indianapolis, for Appellee-Defendant.

## OPINION

FRIEDLANDER, Judge.

Susanne Minton appeals the trial court's grant of summary judgment in favor of her brother, James H. Sackett, in an action arising from a tort complaint filed by Minton alleging that Sackett interfered with Minton's expectancy under the will of the parties' mother, Dorothea Sackett.

We affirm.

The facts favorable to the nonmovant show that Dorothea executed four wills during her lifetime. The first was a joint and mutual will executed on December 3, 1984, with her late husband, Henry, which equally divided Dorothea's estate between James and Susanne. In 1990, Dorothea executed two wills, each devising James the bulk of her estate. On August 8, 1992, two days after granting James a durable power of attorney and irrevocable power of appointment, Dorothea executed her fourth and final will, again leaving James the bulk of her estate.

Dorothea died on March 2, 1994 and the August 8, 1992 will was offered for probate. On December 29, 1994, Susanne instituted the action that is the subject of this appeal, alleging that James interfered with her expectancy under Dorothea's will through the use of fraud (both constructive and actual), duress, undue influence, and conversion and that James was unjustly enriched by his actions.

At the time Susanne's tort complaint was filed, several separate actions initiated by Susanne were also pending before the probate court. On April 13, 1994, Susanne filed both a claim in the estate alleging a breach of contract to devise and a complaint to resist probate of the August 8, 1992 will, alleging that Dorothea was of unsound mind at the time of its execution, the will was unduly executed, the will was executed under duress, and the will was obtained by fraud. Six days later, Susanne filed her final complaint against James, alleging that certain transfers of property by Dorothea constituted a breach of the contracts to devise contained in the joint and mutual wills of Dorothea and Henry.

In March, 1995, James filed a motion pursuant to Ind.Trial Rule 12(B)(6) to dismiss Susanne's tort suit on the basis that intentional interference with an inheritance is not a recognized cause of action in Indiana. James also petitioned to strike Susanne's complaint for unjust enrichment pursuant to Ind.Trial Rule 12(F) on the basis that it was included within the allegations expressed in the other pending suits. The trial court heard arguments in the case and entered the following order:

> On December 29, 1994, the plaintiff filed her Complaint for Damages. On March 21, 1995, the defendant filed his Motion to Dismiss and Strike. On June 6, 1995, the parties appeared by counsel and argument was heard. The Court, having taken the matter under advisement, finds that:
>
> 1. The Motion to Dismiss and Strike should be treated as a Motion for Summary Judgment because both parties have alluded to an estate claim and four other lawsuits, which constitute matters outside the pleading[s].
>
> 2. There is no genuine issue as to any material fact.
>
> 3. Defendant is entitled to judgment as a matter of law.
>
> IT IS THEREFORE ORDERED that summary judgment is entered for defen-

dant and plaintiff shall take nothing by her complaint.

*Record* at 71.

Susanne appeals the judgment of the trial court and presents the following consolidated issue:

Did the trial court err when it failed to conclude that Indiana recognizes the tort of intentional interference with an inheritance?

■ The trial court looked outside the pleadings and granted summary judgment in favor of James. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). When reviewing an entry of summary judgment, we stand in the shoes of the trial court and liberally construe the evidence in favor of the nonmoving party without considering its weight or credibility. *Rotec, Div. Of Orbitron, Inc. v. Murray Equip., Inc.,* 626 N.E.2d 533 (Ind.Ct.App.1993); *Rickels v. Herr,* 638 N.E.2d 1280 (Ind.Ct.App.1994). Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidence before the trial court. *Grose v. Bow Lanes, Inc.,* 661 N.E.2d 1220 (Ind.Ct.App.1996).

■ Susanne and James agreed that the issue of whether Indiana recognizes the tort of intentional interference with an inheritance is one of first impression. Upon appeal Susanne cites three cases not cited below, *Newsom v. Haythorn,* 125 Ind.App. 276, 122 N.E.2d 149 (1954), *Thomas v. Briggs,* 98 Ind.App. 352, 189 N.E. 389 (1934), and *Ransdel v. Moore,* 153 Ind. 393, 53 N.E. 767 (1899), to support her argument that Indiana does, in fact, recognize such a cause of action. Without reaching James's contention that the doctrines of waiver and judicial estoppel preclude Susanne from raising the argument, we conclude that the cases offered by Susanne do not establish Indiana's acceptance of a cause for tortious interference with an expectancy under a will. Contrary to Susanne's assertions, *Newsom, Thomas,* and *Ransdel* do not proceed on tort theory. Rather, equitable relief was provided in each case

through the imposition of a constructive trust.

Since Indiana caselaw is nonexistent on the subject of tortious interference with an inheritance, we may look to the decisions of other jurisdictions for guidance. Several states have chosen to extend the concept of wrongful interference with a business advantage to the noncommercial context of interference with an inheritance. These states have adopted the approach of the Restatement (Second) of Torts § 774B (1979), which states: "One who by fraud or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to others for the loss of the inheritance or gift." *See Allen v. Leybourne,* 190 So.2d 825 (Fla.Dist.Ct.App.1966); *Nemeth v. Banhalmi,* 99 Ill.App.3d 493, 55 Ill.Dec. 14, 425 N.E.2d 1187 (1981); *Frohwein v. Haesemeyer,* 264 N.W.2d 792 (Iowa 1978); *King v. Acker,* 725 S.W.2d 750 (Tex. Ct.App.1987).

In determining whether to adopt the approach of the Restatement, we must balance the competing goals of providing a remedy to injured parties and honoring the strictures of our probate code, which provides that a will contest is the exclusive means of challenging the validity of a will. Ind.Code Ann. § 29–1–7–17; *Matter of Niemiec's Estate,* 435 N.E.2d 999 (Ind.Ct.App.1982). A majority of the states which have adopted the tort of interference with an inheritance have achieved such a balance by prohibiting a tort action to be brought where the remedy of a will contest is available and would provide the injured party with adequate relief. *See DeWitt v. Duce,* 408 So.2d 216 (Fla.1981); *In re Estate of Hoover,* 160 Ill.App.3d 964, 112 Ill.Dec. 382, 513 N.E.2d 991 (1987); *Frohwein,* 264 N.W.2d 792. We adopt this method and apply it to the facts of the present case.

■ Susanne contends that her tort action should be permitted to proceed because the remedies available to her through the will contest are inadequate. Susanne's tort complaint sought consequential damages (which, according to the complaint, include, but are "not limited to attorney[']s fees, compensa-

tion for mental anguish and lost value of income and services incurred because of having to contest the will, [and] because of any appeals process", *Record* at 8), compensatory damages, damages in the amount of one-half the value of Dorothea's estate, punitive damages, and damages in the amount that would have passed through Dorothea's estate and through certain trusts set up by Dorothea had it not been for James's conduct.

 We conclude that the remedies available under the will contest adequately provide for the damages sought in Susanne's complaint. The will contest provides an opportunity for Susanne to receive both consequential damages and compensatory damages in the amount of one-half the value of Dorothea's estate. We emphasize that the adequacy of a remedy is not dependent upon whether a will contestant prevails, but upon whether the contestant has an opportunity to pursue the remedy. Similarly, Susanne has already sought damages in the amount that would have passed through Dorothea's estate and certain trusts set up by Dorothea in the April 19, 1994 action before the probate court. We cannot allow Susanne a second bite at the apple by allowing her to seek the same type of damages in a tort action. Finally, the states which have adopted tortious interference with an inheritance have consistently rejected the notion that punitive damages are a valid expectation for the purposes of determining the adequacy of relief in a will contest. *DeWitt,* 408 So.2d 216; *In re the Estate of Knowlson,* 204 Ill.App.3d 454, 149 Ill.Dec. 813, 562 N.E.2d 277 (1990). A plaintiff can only expect to receive the amount he or she would have received had it not been for another individual's interference, and punitive damages are not included in this amount.

Susanne further contends that the issues involved in the tort action and the will contest are sufficiently distinct that the tort action should be allowed to proceed. We reject Susanne's contention that she might lose the will contest but still prevail in the tort action due to differences in proof between the two actions. Susanne has alleged fraud and duress on the part of James in both actions, and is held to the same stan-

dard of proof in each action. The trial court acted properly in granting summary judgment.

Judgment affirmed.

KIRSCH and ROBERTSON, JJ., concur.