

IN THE

# Court of Appeals of Indiana

Linda Salmon,
*Appellant-Defendant,*

v.

Rita M. Tafelski,
*Appellee-Plaintiff.*



FILED

May 17 2024, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

May 17, 2024

Court of Appeals Case No.
23A-CT-2173

Appeal from the
Lake Superior Court

The Honorable
John M. Sedia, Judge

Trial Court Cause No.
45D01-1304-CT-29

**Najam, Senior Judge.**

## Statement of the Case

[1] Linda Salmon brings this interlocutory appeal from the denial of her motion for summary judgment on Rita Tafelski's complaint for tortious interference with Tafelski's inheritance from her mother's estate. Tafelski's mother died intestate. Tafelski alleged that Salmon had exerted undue influence and engaged in fraud causing the decedent to make inter vivos transfers of property that benefited Salmon and would otherwise have been included in the decedent's estate and ultimately in Tafelski's inheritance. The trial court held that Tafelski could maintain an independent action for tortious interference with her inheritance outside the estate. We conclude, however, that in asserting her claims Tafelski failed to pursue remedies pursuant to our probate code and that Salmon is entitled to judgment as a matter of law. We reverse and remand with instructions that Salmon's motion for summary judgment be granted.

## Issue

[2] Both the threshold and dispositive issue in this case is whether the heir of a decedent who died intestate has authority to maintain an independent claim for tortious interference with an inheritance outside the probate estate where a remedy is available and adequate under the probate code.

[3] First, regarding Tafelski's claim that Indiana law does not require that a tortious interference claimant exhaust her remedies under the probate code before asserting an independent tort claim, we hold that a tort claimant may not maintain an independent claim where a remedy under the probate code is available and would provide adequate relief.

[4] Second, concerning Tafelski's claim that there is no adequate remedy available to her under the probate code, we hold that she had, but failed to exercise, the adequate remedies available to her under the probate code.

[5] Third, with regard to Salmon's claim that Tafelski does not have standing to bring her action for tortious interference with an inheritance, conversion, fraud, constructive trust, breach of fiduciary duty, and intermeddling, we hold that Tafelski does have standing to maintain her cause of action, which is subject to her pursuit of a claim under the probate code where such a claim is available and sustainable.

## Facts and Procedural History

[6] Rita Tafelski is the daughter and sole heir of Suzanne Neitzel, who died intestate on April 14, 2012. Linda Salmon is Neitzel's sister, and following Neitzel's death, Salmon was appointed personal representative of her estate.

[7] Prior to her death, Neitzel's health had been failing for some time, and in 2010, Neitzel gave her power of attorney to Salmon. She also changed two of her bank accounts to joint accounts with Salmon with right of survivorship. And, according to Tafelski, Neitzel transferred to Salmon her shares in two family

trucking companies in exchange for $100.00. Consequently, none of these assets were included in Neitzel's probate estate.

[8] In April 2013, Tafelski filed the instant lawsuit against Salmon for tortious interference with an inheritance, conversion, fraud, constructive trust, breach of fiduciary duty, and intermeddling (hereinafter collectively "tortious interference with an inheritance"). Tafelski alleged that Salmon had exerted undue influence over Neitzel and engaged in fraud when Neitzel established joint bank accounts with Salmon and transferred her shares of stock to Salmon. Tafelski maintained that the assets involved in these inter vivos transfers would have been included in Neitzel's estate were it not for Salmon's misconduct. Tafelski claimed that Salmon's conduct amounted to a tortious interference with her inheritance. This civil action was consolidated with the Neitzel estate for purposes of discovery and pre-trial proceedings.

[9] In January 2014, Tafelski sought to remove Salmon as personal representative. Salmon voluntarily resigned, and Tafelski was appointed as successor personal representative. Thereafter, Salmon filed her final accounting showing she had distributed to Tafelski all the assets of the estate, which totaled over $1 million. The accounting also showed that the funds from the two joint bank accounts totaled $126,645 and had been transferred to Salmon as surviving joint tenant.

[10] Throughout the next several years, the parties filed numerous discovery and dispositive motions in these highly contentious proceedings. In June 2020, Salmon moved to dismiss the estate action pursuant to Trial Rule 41(E). The

probate court found that Tafelski had taken no significant action on behalf of the estate for more than six years and granted the dismissal.[1] Tafelski appealed the dismissal to this Court, and we affirmed in a memorandum decision. *Matter of Est. of Neitzel*, No. 21A-ES-1485 (Ind. Ct. App. April 13, 2022) (mem.), *trans. denied sub nom. Tafelski v. Salmon*, 196 N.E.3d 686 (Ind.).[2]

[11]  This separate action was then transferred back to the trial court's docket. Salmon subsequently moved for summary judgment and asserted that Tafelski had failed to designate evidence that would support her claims, that she lacked standing to maintain an independent action, and that only the personal representative of the decedent's estate would be a proper party plaintiff. The court denied Salmon's motion and held that Tafelski could maintain an independent action for tortious interference with her inheritance. The trial court certified its order for interlocutory appeal, and Salmon now appeals.

## Discussion and Decision

[12]  Summary judgment is proper if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

---

[1] The probate court also opined that "It is fundamental that only the Personal Representative of the Decedent's Estate has authority to sue for the recovery of a Decedent's property alleged to have been converted by another[]" and concluded that the statute of limitations had passed "for all claims which [Tafelski] could have brought" as the Successor Personal Representative and that she was "time barred from pursuing Salmon or any one[sic] else on behalf of the Neitzel Estate with regard to the Final Account, or otherwise." Appellant's App. Vol. 2, pp. 40-41 (Order Dismissing Estate).

[2] This Court also has previously considered an appeal that involved Tafelski and was indirectly related to the current dispute. *See M & K Truck Ctr. of Gary, LLC v. Tafelski*, No. 23A-CT-1662 (Ind. Ct. App. Jan. 31, 2024) (mem.).

matter of law.  Ind. Trial Rule 56(C); *Pike Twp. Educ. Found., Inc. v. Rubenstein*, 831 N.E.2d 1239, 1241 (Ind. Ct. App. 2005).  Where, as here, the relevant facts are not in dispute, we are presented with a pure question of law for which summary judgment disposition is particularly appropriate.  *Pike Twp. Educ. Found.*, 831 N.E.2d at 1241.  We review pure questions of law de novo.  *Id.*

[13]  At the heart of this case is Tafelski's claim for tortious interference with an inheritance.  This Court first recognized the tort of intentional interference with an inheritance in *Minton v. Sackett*, 671 N.E.2d 160 (Ind. Ct. App. 1996).  In doing so, we stated that such a cause of action arises when "'[o]ne who by fraud or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to others for the loss of the inheritance or gift.'"  *Id.* at 162 (quoting Restatement (Second) of Torts § 774B (1979)).  We further held that this tort is not permitted "where the remedy of a will contest is available and would provide the injured party with adequate relief."  *Minton*, 671 N.E.2d at 162.  And we concluded that the remedies available under the will contest adequately provided for the damages sought by the plaintiff.  *Id.* at 163.

[14]  More recently in *Keith v. Dooley*, 802 N.E.2d 54 (Ind. Ct. App. 2004), *trans. denied*, we relied on our decision in *Minton* to affirm the dismissal of an action for interference with an inheritance.  We did so because the tort action and a will contest were pending at the same time, the remedies sought in each action were substantially the same, and both actions involved substantially the same parties and subject matter.  *Id.* at 58.

[15]     Later, in *Moriarty v. Moriarty*, 150 N.E.3d 616 (Ind. Ct. App. 2020), *trans. denied*, the daughters of the decedent initiated a will contest which also alleged in a separate count that their father's wife had tortiously interfered with their inheritance. The trial court found that the remedy available under the will contest would not provide adequate relief with respect to those assets which passed outside the decedent's estate and that the daughters had stated a valid claim for tortious interference with their inheritance. *Id.* at 625. The court tried both the will contest and the intentional interference claim together and granted relief for the daughters on both counts, and we affirmed.

[16]     In the present case, citing *Minton* and *Keith*, the trial court determined, in effect, that those cases, which both involved will contests, were not controlling because Neitzel died intestate and, therefore, that Tafelski had "no ability . . . to contest a will." Appellant's App. Vol. 2, p. 35 (Order Denying Motion for Summary Judgment). Thus, the court held that it is permissible for Tafelski to bring an independent action for tortious interference with an inheritance. *Id.*

[17]     On appeal, Salmon contends Tafelski is not permitted to maintain an independent claim for tortious interference with an inheritance outside the probate estate.[3] Salmon also maintains there are avenues available within the

---

[3] Tafelski claims this argument is waived because Salmon raises it for the first time on appeal. *See* Appellee's Br. pp. 13-15. Tafelski asserts that in her motion for summary judgment, Salmon made only vague arguments about Tafelski's general lack of standing and that Salmon's argument on the standing issue in her motion for interlocutory appeal differs significantly from the argument she advances in her appellate brief. We conclude that Salmon raised the issue of standing before the trial court and, indeed, the trial court

probate code for Tafelski to address her allegations, but she failed to pursue them. Tafelski counters that her independent tort action is permissible and not subject to probate code restrictions.

[18] We first address the trial court's interpretation of our holding in *Minton* to support its determination that Tafelski could proceed with her independent tort action. The probate code is the predicate for our opinion in *Minton*. Because Minton died testate, we turned to the portion of the code dealing with wills and observed that "a will contest is the exclusive means of challenging the validity of a will." 671 N.E.2d at 162 (citing Ind. Code § 29-1-7-17). Thus, we held that an action for tortious interference with an inheritance is not permitted where the remedy of a will contest is adequate. *Id.* However, we did not hold, and our holding in *Minton* does not mean, the inverse—that where there is no will and thus no will contest, a claimant has an unrestricted right to pursue a claim for tortious interference with an inheritance.

[19] The distinction between whether the decedent died testate or intestate and, hence, whether a will contest is available, is not dispositive of whether an interested person has standing to maintain an independent tort claim for interference with an inheritance. In *Minton*, *Keith*, and *Moriarty*, the decedent died testate and there was a will contest. Until now, we have not had occasion to look beyond a will contest and consider the operation and effect of our

addressed standing in its order denying Salmon's motion for summary judgment, which is the subject of this appeal. The issue of standing has not been waived.

probate code on a tortious interference with an inheritance claim where the decedent died intestate, and, hence, no will contest is available.

[20] The probate code governs the administration of decedents' estates, both testate and intestate. *See Minton*, 671 N.E.2d at 162 (testate estate); *see* Ind. Code § 29-1-1-3(a)(32) (2021) (testate and intestate estates). The reach of the code is comprehensive. It preempts and precludes common law actions that would interfere with or impinge upon administration of a probate estate. Accordingly, as we did in *Minton*, we turn to the "strictures" of the probate code. Section 29-1-13-3 of the code provides:

> *Every personal representative shall have full power to maintain any suit* in any court of competent jurisdiction, in his name as such personal representative, *for any demand of whatever nature due the decedent or his estate or for the recovery of possession of any property of the estate* or for trespass or waste committed on the estate of the decedent in his lifetime, or while in the possession of the personal representative[.]

Ind. Code § 29-1-13-3 (2024) (emphasis added).

[21] *Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 388 (Ind. Ct. App. 2003), *trans. denied* is the precedent that informs our opinion in this case. In *Inlow*, we thoroughly explored the remedies available to interested persons and addressed the preemptive effect of the probate code with regard to claims available to the heirs of an intestate decedent. There, Inlow's children asserted claims for harms caused to the property of their father's estate and which arose from their status as heirs. In their view, the children had authority independent

of the personal representative to maintain a suit. Noting that Section 29-1-13-3 "grants the personal representative complete authority to maintain any suit for any demand due the decedent or the estate[]" and that "[n]o corresponding statute grants an heir . . . the same power[,]" we held that the Inlow children, as heirs, did not have the authority to bring direct claims against third parties. *Inlow*, 787 N.E.2d at 391. We further held that the personal representative's authority to maintain suit for any demand due the decedent or his estate is exclusive. *Id.* at 394.

[22] Nevertheless, Tafelski maintains she may bring her claim independent of the personal representative given the non-probate nature of the contested assets and because she is seeking reparation for harm she personally suffered, rather than harm to Neitzel or her estate, as a result of Salmon's alleged misconduct.[4] The harm alleged here, if proven, would be a harm against Neitzel during her lifetime, which flowed through to her estate upon her death. Thus, Tafelski's claims are derived from her standing as an heir of her mother's estate. While the harm alleged may be "personal" to Tafelski in an ordinary sense, her claims are subject to exhaustion of available remedies found in our probate code.

---

[4] In support of her argument, Tafelski cites *Scott v. Carrico*, No. 59A01-1712-CT-2878, 2018 WL 6005661 (Ind. Ct. App. Nov. 16, 2018), *trans. denied*, a memorandum decision of this Court. Memorandum decisions issued before January 1, 2023 are not binding precedent and must not be cited, except to establish res judicata, collateral estoppel, or law of the case. Ind. Appellate Rule 65(D)(2). Thus, pursuant to our rules of appellate procedure, we may not consider *Scott*.

[23]     It is axiomatic that when an estate is administered, the rights of the heirs or devisees, as the case may be, are subordinate to the first right and responsibility of the personal representative to administer the assets and liabilities of the decedent for the heirs or devisees and creditors of the estate. The personal representative is "the focal point for collecting and managing estate assets, including the prosecution of lawsuits on behalf of the estate." *Inlow*, 787 N.E.2d at 394. This includes lawsuits filed on behalf of the estate to recover assets that may at first blush appear to be non-probate assets but were wrongfully diverted or misappropriated from the decedent through undue influence, fraud, or other nefarious conduct.

[24]     Nevertheless, in certain circumstances the probate code confers statutory standing on heirs to intervene in the administration of an estate. For instance, Section 29-1-13-10(a) (1982) allows "interested persons"— specifically defined in Section 29-1-1-3(a)(18) to include heirs—to petition the probate court and allege that a person has concealed, embezzled, converted, or disposed of any real or personal property of the estate. Another means of intervention for heirs is set forth in Section 29-1-13-16 (2024), which allows heirs to petition the probate court for a determination of the proper action for collection when a person is indebted to the estate and the personal representative is not diligently pursuing collection of the indebtedness. And, a personal representative shall have full power to maintain any suit for any demand due the decedent or her estate or for the recovery of possession of any property of the estate as provided under Section 29-1-13-3. Thus, although adequate relief was available to

Tafelski under the probate code, she pursued none of these options, and she has not shown that these remedies were not available to her or were inadequate.

[25] In sum, as we emphasized in *Inlow*, the probate code gives the personal representative plenary authority to collect and manage the assets of the estate and "specifically circumscribes the instances when heirs may inject themselves into the administration of the estate." 787 N.E.2d at 393. When an heir believes the personal representative is neglecting his duty to the detriment of the estate, the heir must follow the procedures of the probate code to rectify the problem. *Id.* at 394. And, again, where "'any person has, or is suspected to have, concealed, embezzled, converted or disposed, of any real or personal property belonging to the estate of a decedent,'" the probate court is vested with the authority to "'finally adjudicate the rights of the parties before the court with respect to such property.'" *Id.* at 392 (quoting I.C. §§ 29-1-1-3, 29-1-13-10).

[26] In *Minton* we qualified the Restatement (Second) of Torts approach when we recognized the independent tort of tortious interference with an inheritance but prohibited the tort "to be brought where the remedy of a will contest is available and would provide the injured party with adequate relief." 671 N.E.2d at 162. *Minton* and its progeny, *Keith* and *Moriarty*, addressed only those circumstances where the question presented is whether the remedy of a will contest is available and would be adequate. Unlike our opinion in *Inlow*, those cases did not contemplate or consider more broadly whether and, if so to what extent, an

independent common law cause of action outside the estate where no will contest is involved must also honor the requirements of our probate code.

[27] Today we follow our holding in *Inlow* that during administration, as well as when administration of an estate is available, the action must be brought within the probate proceeding. *See Inlow*, 787 N.E.2d at 394. This rule applies not only where a will contest is available and would provide the injured party with adequate relief, as in *Minton*, but across the board where, as here, a remedy under probate code provisions is available and would provide adequate relief to heirs and other persons interested in the estate who claim to have been injured. Of course, this rule does not apply where there is no administration or where administration is neither anticipated nor viable.

[28] The trial court determined that "Tafelski has standing to bring an action for the tort of interference with an inheritance." Appellant's App. Vol. 2, p. 35 (Order Denying Motion for Summary Judgment). "Standing is a legal question we review de novo." *City of Gary v. Nicholson*, 190 N.E.3d 349, 351 (Ind. 2022). "The standing required to invoke a court's authority can be conferred either through common law or by statute." *Serbon v. City of East Chicago*, 194 N.E.3d 84, 92 (Ind. Ct. App. 2022) (internal citations omitted). Under *Minton*, Tafelski has common law standing as Neitzel's heir who claims to have been injured by Salmon's tortious interference with her inheritance. But that does not end our inquiry. Here, while standing is inherent in the alleged tort, it is not alone dispositive.

## Conclusion

[29]     We conclude that Tafelski had adequate remedies under the probate code to pursue her claim against Salmon and that she failed to avail herself of these remedies. Accordingly, she is now precluded from maintaining an independent claim for tortious interference with an inheritance, including its various alleged subparts and iterations. Thus, Salmon is entitled to summary judgment on Tafelski's claim. We reverse and remand with instructions that the trial court enter summary judgment for Salmon.

[30]     Reversed and remanded.


Crone, J., and Weissmann, J., concur.


ATTORNEYS FOR APPELLANT

David J. Beach
Stephen A. Tyler
Eichhorn & Eichhorn, LLP
Hammond, Indiana


ATTORNEYS FOR APPELLEE

Bryan L. Ciyou
Ciyou & Associates, P.C.
Indianapolis, Indiana

Anne Medlin Lowe
Fugate Gangstad Lowe LLC
Carmel, Indiana