


FILED

Feb 11 2026, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Joseph Grillo and Linda Bour,

*Appellants-Plaintiffs*

v.

Margaret Grillo,

*Appellee-Defendant*

---

February 11, 2026

Court of Appeals Case No.
24A-PL-1780

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis, II, Special Judge

Trial Court Cause No.
49D05-2307-PL-28212

---

**Opinion by Judge May**
Judges Weissmann and Scheele concur.

**May, Judge.**

[1] When Giuseppe Salvatore Grillo died in 2022, two of his children – Joseph Grillo and Linda Bour (hereinafter "Plaintiffs") – discovered that approximately $280,000 had been transferred during their father's lifetime from bank accounts allegedly owned jointly by Giuseppe and his three children to accounts that benefitted only their sister, Margaret Grillo, who had been their father's attorney-in-fact. Plaintiffs filed a complaint in Marion County that alleged breach of fiduciary duty and tortious interference with inheritance. Margaret filed a motion to dismiss their complaint under Trial Rule 12(B)(6) and argued Plaintiffs were required to assert their claims in the Johnson County proceedings to probate Giuseppe's Will. The trial court initially denied Margaret's motion to dismiss but then granted it after Margaret filed a motion for reconsideration that directed the trial court to *Salmon v. Tafelski*, 235 N.E.3d 867 (Ind. Ct. App. 2024).

[2] Plaintiffs appeal and argue they should be permitted to pursue an independent tort action to recover funds allegedly transferred from joint bank accounts during Giuseppe's lifetime. Because Indiana's probate code provides an adequate avenue for addressing their claims of alleged misconduct by Margaret as their father's attorney-in-fact during his lifetime, Indiana law required Plaintiffs to pursue those probate remedies rather than file an independent tort action. We accordingly affirm the trial court's dismissal of Plaintiffs' complaint.

## Facts and Procedural History

[3] Giuseppe Grillo had three children – Joseph, Linda, and Margaret. On December 2, 2017, Giuseppe executed a General Durable Power of Attorney naming Margaret as his attorney-in-fact.[1] According to the complaint, at the time Giuseppe executed the power of attorney, "all of [Giuseppe]'s assets were owned jointly with Joseph, Linda, and Margaret, including several bank accounts." (Appellant's App. Vol. II at 13.)

[4] Giuseppe died on April 20, 2022. On June 22, 2022, Margaret filed a petition to probate Giuseppe's Last Will and First Codicil in Johnson Superior Court. The Will assigned some personal property to a specific child and then divided the residuary estate equally among the three children. The codicil nominated Margaret to serve as personal representative. The Johnson County Probate Court admitted the will and codicil to probate.

[5] Following Giuseppe's death, Joseph requested online access to what Plaintiffs characterize as joint accounts. When Plaintiffs reviewed the accounts, they allege that they discovered:

> (a) nearly $280,000 was transferred from a Joint Account . . . to another account [that excluded Plaintiffs], (b) $32,000 in cash withdrawals from the Joint Accounts were made over the course of eleven months, (c) nearly $16,000 in credit card payments were made from the Joint Accounts over the course of seventy-

---

[1] Giuseppe's wife died prior to all facts relevant to determination of the issues herein.

two days, (d) a check paid to Margaret from the Joint Accounts in the amount of $15,000 with the words "auto loan" in the memo line, for which there is no evidence of repayment (all collectively, the "Transferred Property").

(*Id.*)

On July 19, 2023, Plaintiffs filed a verified complaint in Marion Superior Court against Margaret, alleging breach of fiduciary duty and tortious interference with inheritance. The complaint sought recovery of the Transferred Property, claiming they "would have each received a one-third interest in the Transferred Property as joint owners of the Joint Accounts" if the funds had remained until Giuseppe's death. (*Id.* at 13.) The breach of fiduciary duty count alleged Margaret breached her duty "to [Giuseppe], and to Plaintiffs as [Giuseppe]'s successors in interest" by

a. Failing to keep complete records of all transactions entered into by the attorney-in-fact on behalf of the principal;

b. Failing to act in the best interest of [Giuseppe];

c. Failing to act in accordance with known wishes of [Giuseppe];

d. Failing to avoid self-dealing.

(*Id.* at 14.) Plaintiffs alleged the breaches made Margaret liable to them for the lost funds, along with attorney fees and costs. Plaintiffs simultaneously requested an accounting of Margaret's actions as attorney-in-fact.

On September 15, 2023, Margaret filed an answer, affirmative defenses, and a motion to dismiss, arguing that Plaintiffs lacked standing to pursue claims regarding their father's assets and that any such claims must be brought through the probate proceedings. Plaintiffs filed responses to Margaret's motion to dismiss. The trial court held oral argument and then denied Margaret's motion to dismiss on February 22, 2024. In the same order, the trial court ordered Margaret to provide a written attorney-in-fact accounting to Plaintiffs.

On May 17, 2024, this court decided *Salmon v. Tafelski*, 235 N.E.3d 867 (Ind. Ct. App. 2024), which reiterated that tortious interference with inheritance claims must be pursued through probate proceedings when adequate remedies exist under the probate code. On May 18, 2024, Margaret filed a motion that asked the trial court to reconsider her motion to dismiss based on *Salmon*. The parties again argued their positions before the trial court. On June 5, 2024, the trial court granted Margaret's motion to reconsider and dismissed Plaintiffs' complaint. The trial court determined:

> The Plaintiffs have adequate remedies under the probate code to pursue their claims against Margaret as an estate is opened before the Johnson Superior Court Number One in the matter of *In Re: The Estate of Giuseppe Salvatore Grillo*, Cause Number 41D01-2206-EM-000213. The Plaintiffs failed to avail themselves of these remedies. The Plaintiffs are now precluded from maintaining an independent claim for tortious interference with an inheritance, which would include their claim for breach of fiduciary duty. Therefore, Margaret is entitled to dismissal of the Plaintiffs' claims.

(Appellant's App. Vol. 2 at 11.)

## Discussion and Decision

"[W]e view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits." *Arflack v. Town of Chandler*, 27 N.E.3d 297, 305 (Ind. Ct. App. 2015). "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006). "In reviewing the complaint, we take the alleged facts to be true and consider the allegations in the light most favorable to the nonmoving party, drawing every reasonable inference in that party's favor." *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017). "In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record." *Arflack*, 27 N.E.3d at 302. We review the trial court's ruling de novo. *Safeco Ins. Co. of Ind. v. Blue Sky Innovation Grp., Inc.*, 230 N.E.3d 898, 901 (Ind. 2024), *reh'g denied*.

Indiana first recognized the tort of intentional interference with inheritance in *Minton v. Sackett*, 671 N.E.2d 160 (Ind. Ct. App. 1996). In *Minton*, we adopted language from the Restatement (Second) of Torts § 774B (1979), which provided: "One who by fraud or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would

otherwise have received is subject to liability to others for the loss of the inheritance or gift." *Minton*, 671 N.E.2d at 162 (quoting Restatement). However, we also held, in accordance with the majority of other states that had considered the issue, that the tort action is not permitted "where the remedy of a will contest is available and would provide the injured party with adequate relief." *Id.* Because the probate code contained adequate remedies, Minton's tort suit against her brother alleging that he interfered with her inheritance under their mother's will could not continue. *Id.* at 163.

[11] More recently, in *Salmon v. Tafelski*, 235 N.E.3d 867 (Ind. Ct. App. 2024), we again addressed the relationship between tortious interference claims and probate proceedings. In *Salmon*, the decedent's daughter (Tafelski) alleged that the decedent's sister (Salmon) had engaged in fraud and exerted undue influence that caused the decedent, while still alive, to make transfers of money into joint accounts held with her sister, which diverted money away from the estate that daughter would inherit. *Id.* at 870. We applied the *Minton* holding – that "a tort claimant may not maintain an independent claim where a remedy under the probate code is available and would provide adequate relief" – to the circumstances even though the decedent died intestate, and we held Tafelski could not maintain an independent tort action. *Id.* at 869.

[12] In the process of applying *Minton*'s holding to intestate proceedings, we explained:

> The probate code governs the administration of decedents' estates, both testate and intestate. *See Minton*, 671 N.E.2d at 162

(testate estate); *see* Ind. Code § 29-1-1-3(a)(32) (2021) (testate and intestate estates). The reach of the code is comprehensive. It preempts and precludes common law actions that would interfere with or impinge upon administration of a probate estate. Accordingly, as we did in *Minton*, we turn to the "strictures" of the probate code. Section 29-1-13-3 of the code provides:

> *Every personal representative shall have full power to maintain any suit* in any court of competent jurisdiction, in his name as such personal representative, *for any demand of whatever nature due the decedent or his estate or for the recovery of possession of any property of the estate* or for trespass or waste committed on the estate of the decedent in his lifetime, or while in the possession of the personal representative[.]

Ind. Code § 29-1-13-3 (2024) (emphasis added).

*Salmon*, 235 N.E.3d at 872.

[13] Plaintiffs argue that *Salmon* is distinguishable because Plaintiffs seek to recover non-probate assets that would never have been part of the probate estate, but we disagree. *Salmon* indicates the *Minton* rule applies to both probate assets and "assets that may at first blush appear to be non-probate assets but were wrongfully diverted or misappropriated from the decedent through undue influence, fraud, or other nefarious conduct." *Id*. at 873. The wrongful diversion of non-probate assets is precisely what Plaintiffs allege occurred herein – that Margaret wrongfully diverted or misappropriated funds from a joint account bearing the names of Giuseppe and all three of his children.

[14] Although the joint account at issue allegedly had four names on it, Plaintiffs have not alleged that anyone other than Giuseppe deposited money into the joint account during Giuseppe's lifetime. As such, during Giuseppe's lifetime, all the money in the joint account was his to use as he pleased. *See* Ind. Code § 32-17-11-17(a) ("Unless there is clear and convincing evidence of a different intent, during the lifetime of all parties, a joint account belongs to the parties in proportion to the net contributions by each party to the sums on deposit."). Because the funds at issue belonged only to Giuseppe, any improper transfer of those funds during his lifetime would constitute harm to Giuseppe, and that claim of improper transfer during Giuseppe's lifetime would pass to Giuseppe's estate upon his death. *See Salmon*, 235 N.E.3d at 873 ("The harm alleged here, if proven, would be a harm against Neitzel during her lifetime, which flowed through to her estate upon her death.").

[15] More than thirty years ago, our Indiana Supreme Court held that a decedent's estate administrator could bring an action for conversion against co-owners of a joint account who removed more than their share of the money from the joint account prior to the decedent's death. *Shourek v. Stirling*, 621 N.E.2d 1007, 1009 (Ind. 1993) (estate administrator had standing under the probate code to bring an action for conversion against a party who had removed money from an account held jointly with the decedent, because the decedent herself could have brought an action to recover the money if she had survived). Thus, Giuseppe's estate would have standing to bring a claim against Margaret to recover any funds wrongfully diverted or misappropriated during Giuseppe's lifetime. *See*

*also* Ind. Code § 29-1-13-3 (2024) (Personal representative has "full power" to prosecute lawsuits "for any demand of whatever nature due the decedent or his estate or for the recovery of possession of any property of the estate or for trespass or waste committed on the estate of the decedent in his lifetime, or while in the possession of the personal representative[.]").

[16] Not only could the probate estate bring an action to recover any funds misappropriated from Giuseppe, Plaintiffs could have petitioned to have the probate court address whether Margaret was indebted to the estate or had funds that belonged to Giuseppe. *See* Ind. Code § 29-1-13-16 (providing procedures for interested persons to petition probate court). "[I]f any person is indebted to the estate and the personal representative is not diligently pursuing collection of the indebtedness, then an interested person (e.g., heir or creditor) may appear before the probate court for a determination of what action, if any, is necessary for collection." *Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 393 (Ind. Ct. App. 2003), *trans. denied*.

[17] The probate code "preempts and precludes common law actions that would interfere with or impinge upon administration of a probate estate." *Salmon*, 235 N.E.3d at 872. The personal representative has "complete authority to maintain any suit for any demand due the decedent or the estate," and this authority is exclusive. *Id.* at 872 (citing Ind. Code § 29-1-13-3). Plaintiffs' claim against Margaret therefore must be brought within the proceedings to probate Giuseppe's estate and cannot be asserted as an independent tort action. *See Salmon*, 235 N.E.3d at 873 (because harm against Neitzel during her lifetime

flowed to her estate upon her death, Tafelski's "claims are subject to exhaustion of available remedies found in our probate code").

## Conclusion

The trial court properly dismissed Plaintiffs' complaint because claims regarding alleged improper transfers of a decedent's assets during his lifetime belong to his estate and must be brought by his personal representative, and Plaintiffs were required to pursue probate remedies rather than file an independent tort action. We therefore affirm the trial court's dismissal of the Plaintiffs' complaint.

Affirmed.

Weissmann, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANTS
Christopher J. Mueller
Lewis Wagner LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Curtis E. Shirley
Law Office of Curtis E. Shirley, LLC
Carmel, Indiana